United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DHRMPAL DHRMPAL,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05896-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

Petitioner Dhrmpal Dhrmpal is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order arguing that his to prolonged detention under § 1225(b)(2) without a bond hearing violates due process. *See* ECF No. 1. He requests that the Court order either his immediate release or a bond hearing before an immigration judge. *Id*. at 18–19. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus in part, and finds the motion for a temporary restraining order moot. [1]

## I. BACKGROUND

Petitioner is an immigration detainee who has been held in detention without the

[1] In setting a briefing schedule on the motion for a temporary restraining order, the Court ordered the parties to state whether the opposed the conversion of the motion to one for a preliminary injunction. *See* ECF No. 6. Respondents did not object to this in response and noted that the Court should deny the habeas petition in its entirety. ECF No. 7 at 4. Petitioner did not file a reply. As this order provides Petitioner with the relief to which he is entitled, namely a bond hearing, the Court intends to rule directly on the Petition. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."); *Dzhabrailov v. Decker*, No. 20-cv-03118-PMH, 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously).

United States District Court
Eastern District of California

opportunity for release on bond for nearly sixteen months because Respondents maintain that his detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). ECF No. 1 at 4, 14. Throughout the course of his detention, Petitioner's asylum application was denied by an immigration judge and he was ordered removed. ECF No. 7-4 at 1–4. He appealed that order to the Board of Immigration Appeals ("BIA") on May 27, 2026, and the appeal remains pending. ECF No. 7-5 at 1–3. Petitioner also alleges that his mental health has deteriorated greatly over the last five months, resulting in suicidal ideation and needing to be prescribed medication by the detention center's medical personnel. ECF No. 1 at 6.

This is also Petitioner's second claim for habeas relief. He previously filed a habeas petition in the District of Arizona arguing that his continued detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act. *See Dhrmpal v. Unknown Party*, No. CV-26-2042-PHX-MTL (MTM) (D. Ariz. March 26, 2026), ECF No. 1. The District Court rejected that argument and found that § 1225(b)(2)(A) authorized Petitioner's continued detention without a bond hearing. *Id.* at ECF No. 5. Petitioner here "does not ask the Court to reconsider the District of Arizona's conclusion that Petitioner's initial detention was authorized under 8 U.S.C. § 1225(b)." ECF No. 1 at 10. Rather, he argues that his prolonged detention without opportunity for bond "has become constitutionally excessive under the Fifth Amendment." *Id.*

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue that Petitioner's detention without opportunity for a bond hearing is consistent with due process because the Supreme Court has found that detention during deportation proceedings is a constitutionally valid aspect of the deportation process. ECF No. 7 at 2 (citing *Demore v. Kim*, 538 U.S. 510, 523 (2003)). And because Petitioner's removal is still "on the table"—i.e., if the BIA affirms his removal order—his continued detention has not become so indefinite that it would justify relief. *Id.* at 3. The Court finds, however, that Supreme Court authority does not foreclose Petitioner's as-applied challenge to his prolonged detention, and that due process requires provision of a bond hearing.

### A. Supreme Court Authority Does Not Bar Petitioner's Due Process Claim.

*Demore v. Kim* concerned the facial constitutionality of § 1226(c). Similar to § 1225(b)(2)(A), §1226(c) allows for civil immigration detention without opportunity for bond. *Id.* at 517–18. Unlike § 1225(b)(2)(A), however, § 1226(c) only applies to non-citizens who have been convicted of certain categories of crimes. *Demore*, 538 U.S. at 518. In finding that detention without bond under § 1226(c) was facially constitutional, the Supreme Court did not consider an as-applied challenge based on the length of the non-citizens' detention. Indeed, it presumed that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Id.* at 530.

*Demore v. Kim* counsels that the mandatory detention scheme under § 1225(b)(2) is facially constitutional. But numerous district courts have considered as-applied challenges to § 1225 detention, determining that unreasonably prolonged detention of individuals without a bond hearing violates the due process clause. *See, Nielsen v. Preap*, 586 U.S. 392, 420 (2019) (explaining that the Court's decision that mandatory detention statute did not provide a bond hearing "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it"); *Mohammed v. Warden of the Cal. City Det. Ctr.*, 2026 WL 192368, at *2–4 (E.D. Cal. Jan. 26, 2026) (considering a detainment period of 17



United States District Court
Eastern District of California

months); *Abubakar Abdul-Samed v. Warden of the Golden State Annex Det. Facility*, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (citation omitted); *Rowe v. Archambeault*, 2026 WL 879487, at *4 (S.D. Cal. Mar. 31, 2026) ("prolonged detention under § 1225(b) without a bond hearing can eventually give rise to due process issues"); *see also Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (collecting cases). Accordingly, the Court considers Petitioner's as-applied challenge to his now sixteen-month detention under § 1225(b)(2) without bond.

**B. Due Process Entitles Petitioner to Relief.**

Due process claims are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

First, Petitioner asserts he possesses a liberty interest in securing his freedom from detention. ECF No. 1 at 9–10. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. Prior to his detention, Petitioner had been processed by immigration officials at the border and allowed to enter the United States. *See* ECF No. 2-2 at 6. Following that release, he lived at liberty for nearly three years until he was detained in March 2025. *Id*. As Petitioner has been deprived of the liberty he was granted following his initial release from custody, he has established a clear liberty interest. *Id.* at 690, 693; *see also Mohammed*, 2026 WL 192368, at *3 (finding a petitioner detained for seventeen months under Section 1225(b) had "a clear liberty interest" under the due process clause).

Second, to determine whether Petitioner's continued detention without a bond hearing accords with due process, the Court must consider if the duration of Petitioner's detention has

become unreasonable. *Garcia*, 2025 WL 1927596, at *2; *Mohammed*, 2026 WL 192368, at *3. In determining whether detention has become unreasonably prolonged, courts have considered "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022); *see also Mohammed*, 2026 WL 192368, at *3 (finding the "considerations identified are relevant to the due process analysis" under Section 1225(b), and applying the *Lopez* test); *see also Bobokulov Akmal v. Warden of Cal. City Det.*, No. 1:25-CV-01921-DC-DMC-HC, 2026 WL 657606, at *6 (E.D. Cal. Mar. 9, 2026) (applying the test enumerated in *Lopez* to a prolonged detention claim under § 1225(b)(1)); *Lebedev v. Warden of Golden State Annex*, No. 1:25-CV-01391-KES-SAB-HC, 2026 WL 482733, at *5–8 (E.D. Cal. Feb. 20, 2026) (same).

**1. Total length of detention**

The length of detention "is the most important factor." *Lopez*, 631 F. Supp. 3d at 882 (quoting *Banda*, 385 F. Supp. 3d at 1118). When detention continues beyond a year, "courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (quoting *Muse v. Sessions*, 409 F. Supp. 3d 707, 716 (D. Minn. 2018)). It is undisputed that Petitioner has remained detained for sixteen months. This duration, without a bond hearing, supports finding his continued detention unreasonable. *See, e.g., Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024) (affirming district court judgment ordering bond hearing for petitioner detained seven months); *Mohammed*, 2026 WL 192368, at *3 (finding a 17-month detention "far exceeds that other courts have found warrant a bond hearing under the Due Process Clause"); *R.M. v. Warden of the Golden State Annex ICE Det. Facility*, No. 1:25-CV-1607-TLN-AC, 2026 WL 836322, at *5 (E.D. Cal. Mar. 26, 2026) (detention "for nearly twelve months with no end currently in" sight weighed in favor of finding a due process violation).

**2. Likely duration of future detention**

"[When] removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Lopez*, 631 F. Supp. 3d at 881 (quoting

*German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)). There is no evidence before the Court suggesting that Petitioner's removal proceedings will soon end. Petitioner appealed his removal order to the BIA several months ago, and as other courts have noted, BIA appeals can take years. *See Alizadeh v. Mullin*, No. 26-CV-2924-JLS (MMP), 2026 WL 1625651, at *2 (S.D. Cal. June 5, 2026) (finding that Petitioner had reason to anticipate significant future detention as an appeal to the BIA can take many months). Additionally, a ruling from the BIA is not guaranteed to end Petitioner's detention. If the BIA affirms the order, Petitioner may appeal the ruling to the Ninth Circuit, alternatively, the BIA may reverse the immigration court's order and remand for further proceedings. *See Banda,* 385 F. Supp. 3d at 1119 (weighing in favor of petitioner on this factor because his asylum application was pending review by the BIA and noting that this process may take up to two years or longer); *Abdul-Samed,* 2025 WL 2099343, at *7 ("Petitioner's possible administrative appeal and judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"). In similar circumstances, courts have weighed this factor in favor of the petitioner, and the Court does the same here. *See, e.g., Loba L.M. v. Andrews,* No. 1:25-CV-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *adopted,* 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); *Rowe,* 2026 WL 879487, at *4.

**3. Delays in removal proceedings**

In evaluating any delays, "the operative question should be whether the alien has been the cause of delayed immigration proceedings and, where the fault is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable." *Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 2590392, at *8 (E.D. Cal. Sept. 8, 2025), *report and recommendation adopted*, No. 1:25-CV-00506-KES-SAB (HC), 2025 WL 2896218 (E.D. Cal. Oct. 11, 2025). Neither party has accused the other of delay here. Rather, it appears Petitioner has chosen to pursue the appeal process to which he is statutorily entitled to, and the Government has proceeded accordingly. This factor then weighs slightly in favor of the Government.



United States District Court
Eastern District of California

**4. Weighing interests**

Weighing these factors—length of detention, likely duration, and cause of the delay—justifies provision of a bond hearing. While the government has a strong interest in ensuring the presence of noncitizens at their removal proceedings and protecting the public from danger, the governmental interest at stake is not the detention itself, but rather "the government's ability to detain [petitioner] *without a bond hearing*." *Andrews*, 2025 WL 2590392, at *8 (emphasis in original, citation omitted). Petitioner's detention has now reached sixteen months, with no set end date in sight, and the Government has not been required to justify Petitioner's continued detention on a finding that Petitioner is a flight risk or danger to the community. Accordingly, the Court finds the identified governmental interest is outweighed by the length of detention to date and the likely extent of Petitioner's future detention. *See Andrews*, 2025 WL 2590392, at *8 (finding length of past detention and likely future detention alone outweighed government's interests).

**C. Remedy**

Petitioner requests an order securing his immediate release, or in the alternative, a bond hearing. ECF No. 1 at 18–19. Petitioner, however, has not provided any authority to support his claim that he is entitled to an order of release. As such, the Court finds that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release. *See, e.g.*, *Mitka v. ICE Field Off. Dir.*, No. C19-193 MJP, 2019 WL 5892025, at *4 (W.D. Wash. Nov. 12, 2019) (denying request for immediate release but ordering bond hearing); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *11 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (same); *Yagao v. Figueroa*, No. 17-CV-2224-AJB-MDD, 2019 WL 1429582, at *4 (S.D. Cal. Mar. 29, 2019) (same).

**IV. CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED, in part. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days, or a later date upon Petitioner's request, at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. At any

United States District Court
Eastern District of California

such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner shall be allowed to have counsel present. Respondents shall file a status report attaching the Immigration Judge's order and findings upon completion of the hearing.

**IT IS SO ORDERED.**

Dated: August 3, 2026

Noël Wise
United States District Judge